IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE ALFREDO VILLARREAL,** ) | | |
| **ID # 48497-177,** ) | | |
| Movant, ) | **No. 3:15-CV-3820-B-BH** | |
| vs. ) | **No. 3:14-CR-0160-B (6)** | |
| ) | | |
| **UNITED STATES OF AMERICA,** ) | | |
| Respondent. ) | **Referred to U.S. Magistrate Judge** | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received December 18, 2015 (doc. 1), as amended (doc. 11), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Jose Alfredo Villarreal (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-160-B(6). The respondent is the United States of America (Government).

**A.     Plea**

On March 4, 2014, Movant was charged by superseding indictment with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). (*See* doc. 66.)[1] He pleaded guilty on December 2, 2014. (*See* doc. 232.)

In the supporting factual resume, Movant admitted that from an unknown date in 2012 through December 18, 2013, in the Dallas Division of the Northern District of Texas, he knowingly and intentionally combined, conspired, confederated, and agreed with others to possess with intent to distribute 100 kilograms or more of marijuana. (*See* doc. 88 at 2-3.) On December 18, 2013, a

---

[1]   Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-160-B(6).

co-defendant told agents that he had bought marijuana that had been seized by the DEA from Movant. (*See id.*) Movant made numerous calls to co-defendants in July and August 2014 seeking payment for the marijuana. (*See id*.) On August 15, 2014, DEA agents executed a search warrant at Movant's home and discovered drug ledgers, digital scales, drug packaging, and empty bags with marijuana residue. (*See id*. at 3.)

In a plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 89 at 1.) He understood the nature and elements of the crime and agreed that the factual resume was true. (*See id*.) The plea agreement out the range of punishment and stated that he discussed the federal sentencing guidelines with counsel, and that he understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding. (*See id*. at 2-3) He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty. (*See id*. at 6.) He waived his right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error, or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (*See id*.) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea. (*See id*. at 4.)

On December 2, 2014, Movant and counsel appeared for his guilty plea, and he testified under oath. (*See* doc. 232.) He understood his constitutional rights and knew that a guilty plea

2

waived his rights. (*See id*. at 6-7.) He understood the consequences of pleading guilty. (*See id*. at 7.) He understood the charge against him and admitted that he committed each element of the offense. (*See id*. at 10-11.) He went over the plea agreement with counsel and understood everything in it. (*See id*. at 12.) He understood the range of punishment. (*See id*. at 16-17.) He and counsel fully discussed the case, guilty plea, and application of the sentencing guidelines. (*See id*. at 8, 9.) He understood the judge's authority to determine the sentence and the role of the advisory guidelines. (*See id*. at 7-8.) He understood that his plea had to be voluntary and not induced by pressure, coercion, or threats. (*See id*. at 11.) No one made him plead guilty. (*See id*.) He discussed the factual resume with counsel and understood it. (*See id*. at 18-19.) He admitted that the facts set out in the factual resume were true. (*See id*. at 19.) He pled guilty, and the Court accepted his guilty plea based on a finding that it was knowing and voluntary. (*See id*. at 17, 19.)

**B.    Sentencing**

On February 5, 2015, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 148-1 at 11, ¶ 42.) Regarding the offense, the PSR found that Movant made phone calls to co-defendants asking for $20,000 in payment for marijuana they had purchased from him. (*See id*. at 9, ¶ 30.) The marijuana cost between $500 and $650 per pound. (*See id*., ¶ 29.) On July 30, 2014, a co-defendant made a consensually recorded phone call to Movant, and Movant said that he was owed "20 something." (*See id*., ¶ 30.) Information provided by a co-defendant and Movant's drug ledgers showed that Movant distributed 610.1 kilograms of marijuana. (*See id*. at 10, ¶¶ 34, 35, 37.) The base offense level was 26 because the offense involved at least 400 kilograms, but less than 700 kilograms, of marijuana. (*See id*. at 11, ¶ 43.) In his house, agents found drug ledgers and digital

3

scales. (*See id.* at 11, ¶ 44.) In an outbuilding at his house, agents found drug ledgers, digital scales, drug packaging, empty bags with marijuana residue, and duffel bags that are commonly used to transport marijuana. (*See id.* at 11-12, ¶ 44.) The outbuilding had a strong odor of marijuana, and there were mothballs to attempt to mask the smell. (*See id.* at 11, ¶ 44.) Two offense levels were added, because he maintained a premise for the purposes of distributing a controlled substance. (*See id.* at 12, ¶ 44.) Three levels were reduced for acceptance of responsibility, resulting in a total offense level of 25. (*See id.*, ¶¶ 50-52.) His criminal history category was two. (*See id.* at 13, ¶ 57). The resulting guideline range was 63 to 78 months of imprisonment. (*See id.* at 18 ¶ 83.)

At the sentencing hearing on March 19, 2015, the Court adopted the PSR. (*See* doc. 164 at 1.) It sentenced Movant to 65 months' imprisonment. (*See* doc. 163 at 2.) He did not appeal.

**C.   Substantive Claims**

Movant's § 2255 motion and amendment (docs. 5, 11) raise the following grounds:

(1)   His guilty plea was involuntary because counsel threatened that he would receive a greater sentence if he plead not guilty and counsel did not explain the guilty plea and consequences;

(2)   Counsel was ineffective for:

(a) failing to object an upward departure or to provide Movant with a notice of intent for an upward departure regarding a sentence enhancement for using mothballs;

(b) failing to counsel him on the possibilities of suppression or a dismissal of the complaint because he did not possess marijuana;

(c) failing to challenge the grand jury process regarding "disproportionality to cross-section of Hispanics;"

(d) failing to challenge the methods used by to obtain a warrant;

(e) failing to move to suppress a recording of a telephone call that was obtained without a warrant;

4

      (f) failing to challenge his detention after learning about a defective warrant;

      (g) failing to challenge a search of his residence based on a defective warrant;

      (h) failing to provide a realistic appraisal of evidence in his favor and of the lack of strength of the Government's case;

(3)    He was denied the right to confront and defend against the allegations against him;

(4)    He was denied the right to appeal;

(5)    There was no factual basis for the plea or probable cause to indict;

(3:1-CV-3820-B, docs. 5 at 7-8; 11.) The Government filed responses on February 19, 2016, and April 13, 2016. (*Id.*, docs. 9, 13.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine,

5

"to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. VOLUNTARINESS OF PLEA

Movant contends that his plea was involuntary because counsel threatened that he would receive a greater sentence if he pleaded not guilty, and that counsel did not explain the guilty plea or consequences.

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic under-

7

standing of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Movant admitted in the plea agreement and testified that he understood the charge against him. (*See* docs. 89 at 1; 232 at 10-11.) He went over the plea agreement with counsel, and he understood everything in it. (*See* doc. 232 at 12.) He understood the range of punishment. (*See id*. at 16-17.) He and counsel fully discussed the case, guilty plea, and application of the sentencing guidelines. (*See id*. at 8, 9.) He understood and waived his rights. (*See id*. at 1; doc. 232 at 6-7.) He understood the consequences of pleading guilty. (*See* doc. 232 at 7.) He understood that his plea had to voluntary and not induced by pressure, coercion, or threats, and no one made him plead guilty. (*See id*. at 11.) He reviewed all legal aspects and facts of the case with counsel. (*See* doc. 89 at 6.) He believed that it was in his best interest to plead guilty. (*Id*.) He admitted that he committed the offense. (*See id*. at 1; doc. 232 at 10-11, 19.)

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d

8

1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of veracity given to his sworn statements in court, and the presumption of affording great evidentiary weight to court records. *See Blackledge*, 431 U.S. at 73-74. His sworn statements in open court and the plea documents contradict his claim that he was threatened and that counsel did not explain the guilty plea and its consequences. *See id*. His vague and conclusory assertions are not evidence of threats or coercion or failure of counsel to ensure that he understood the guilty plea and its consequences. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding."). Movant has not shown that his guilty plea was involuntary due to any threat about pleading not guilty or failure of counsel to explain the guilty plea. He has not shown that that he is entitled to relief on this ground.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that

counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th

Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

**A.    Mothballs**

Movant contends that counsel failed to object to an upward departure or to provide Movant with notice of the intent to seek an upward departure or sentence enhancement for using mothballs. In assessing a two level increase for maintaining a premise for the purposes of distributing a controlled substance, the PSR noted that there were mothballs in the outbuilding to mask the strong odor of marijuana.

The two level increase was not for the presence of mothballs. Drug ledgers, digital scales, drug packaging, marijuana residue, and a strong odor of marijuana were in Movant's house and the outbuilding. His conclusory allegations are insufficient to prove ineffective assistance of counsel. *See Miller v. Johnson*, 200 F.3d at 282; *United States v. Woods*, 870 F.2d at 288 n.3. He has not

11

shown that there was any basis for objecting to the two level increase. Counsel was not ineffective for failing to raise a meritless objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). He has not shown that he is entitled to relief on this claim.

**B.  Possession of Marijuana**

Movant contends that counsel failed to discuss with him the possibilities of having the charge dismissed because he did not possess marijuana. Movant was not charged with possession of marijuana; he was charged with conspiracy to possess with intent to distribute marijuana. The offense of conspiracy to possess with intent to distribute a controlled substance is complete upon the formation of the illegal agreement. *See United States v. Pietri*, 683 F.2d 877, 880 (5th Cir. 1982) (defendants were guilty of conspiracy to possess with intent to distribute controlled substances where they agreed to deal controlled substances; the fact that they did not ultimately possess a controlled substance did not make the evidence insufficient to support the conviction). In addition, the factual resume conceded that there was evidence that he distributed marijuana to co-defendants, and he admitted that he committed the offense. He has not shown that there was any basis for seeking a dismissal of the charge. Counsel was not ineffective for failing to raise a meritless issue. *See United States v. Kimler*, 167 F.3d at 893. He has not shown that he is entitled to relief on this claim.

**C.  Grand Jury**

Movant contends that counsel failed to challenge the grand jury process regarding "disproportionality to cross-section of Hispanics." He does not allege facts that show that the grand jury was empaneled in a discriminatory manner. His conclusory allegations are insufficient to prove

12

ineffective assistance of counsel. *See Miller v. Johnson*, 200 F.3d at 282; *United States v. Woods*, 870 F.2d at 288 n.3. He has not shown that he is entitled to relief on this claim.

**D.     Search Warrant**

Movant contends that counsel failed to challenge the methods used to obtain a search warrant, his detention based on a defective search warrant, and the search of his residence based on the defective warrant. He does not allege how the search warrant was defective or that it was obtained improperly. His conclusory allegations are insufficient to prove ineffective assistance of counsel. *See Miller v. Johnson*, 200 F.3d at 282; *United States v. Woods*, 870 F.2d at 288 n.3. He has not shown that he is entitled to relief on this claim.

**E.     Recorded Phone Call**

Movant contends that counsel failed to move to suppress a recording of a telephone call that was obtained without a warrant. The record shows that the co-defendant who called him consented to the recording of the call, and he does not allege any basis for the suppression of the recording. His conclusory allegations are insufficient to prove ineffective assistance of counsel. *See Miller v. Johnson*, 200 F.3d at 282; *United States v. Woods*, 870 F.2d at 288 n.3. He has not shown that he is entitled to relief on this claim.

**F.     Appraisal of the Government's Case**

Movant contends that counsel failed to provide a realistic appraisal of evidence in his favor and of the lack of strength of the Government's case. This claim is not supported by the record. He admitted in the plea agreement and his testimony that counsel reviewed all legal aspects and the facts of the case with him. He and counsel fully discussed the case and the guilty plea. He discussed the factual resume with counsel and understood it. He said that it was in his best interest

to plead guilty. Movant has failed to overcome the presumption of veracity given to his sworn statements in court, and the presumption of affording great evidentiary weight to court records. *See Blackledge*, 431 U.S. at 73-74. His sworn statements in open court and the plea documents contradict his claim regarding counsel's assessment of the Government's case. *See id*. He has not shown that he is entitled to relief.

## V.  RIGHT TO CONFRONT AND DEFEND; FACTUAL BASIS FOR PLEA AND PROBABLE CAUSE

Movant contends that he was denied the right to confront and defend against the allegations against him, and that there was no factual basis for the plea or probable cause. His conclusory allegations do not entitle him to relief. *See United States v. Woods*, 870 F.2d at 288 n.3. Further, his voluntary guilty plea waived these claims. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (voluntary guilty plea waives all nonjurisdictional defects). To the extent that he is complaining that he did not possess marijuana, as discussed, that claim lacks merit.

## VI.  RIGHT TO APPEAL

Movant contends that he was denied the right to appeal. He asserts that counsel did not advise or consult with him about an appeal.

"There is no constitutional right to appeal a criminal sentence." *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Counsel "is not burdened by any general duty to perfect an appeal of every criminal conviction." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). Counsel's failure to pursue an appeal can amount to ineffective assistance under *Strickland*, however. *See United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000)).

The assessment of deficient performance "begins with the question whether counsel

14

'consulted' with the defendant regarding an appeal." *Pham*, 722 F.3d at 323 (citation omitted). "'Consulting' is a term of art that means advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. (citation omitted). There is no constitutional requirement that counsel consult with the defendant about an appeal in every case. *Flores-Ortega*, 528 U.S. at 479-80. A constitutionally-imposed duty arises when there is reason to think that a rational defendant would want to appeal, such as when there are nonfrivolous grounds for appeal, or when the defendant has reasonably demonstrated to counsel that he is interested in appealing. *Id*. at 480.

A defendant can satisfy the prejudice prong by demonstrating that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, [defendant] would have timely appealed." *Id*. at 484. "[C]ourts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 477. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Pham*, 722 F.3d at 323-24. If a defendant proves, by a preponderance of the evidence, that he directed his attorney to file an appeal and it was not filed, prejudice is presumed regardless of the merits and regardless of any appellate waiver. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). When a defendant is denied the opportunity to appeal due to ineffective assistance of counsel, the defendant is entitled to an out-of-time appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

Movant does not allege that he told counsel that he wanted to appeal or was interested in appealing. He entered a plea and admitted the facts of the offense; he was sentence two months

15

above the minimum of the guideline range; and the Government agreed not to bring any additional charges based on the conduct underlying or related to the guilty plea. Because he has not shown that counsel had a reason to think that a rational defendant would want to appeal, he has not shown that counsel had a duty to consult with him about an appeal. *See Flores-Ortega*, 528 U.S. at 480.

Additionally, after he was sentenced, Movant signed a document that acknowledged that he was advised about the right to appeal, the procedures regarding an appeal, and any potential appellate issues, but that he instructed counsel not to file an appeal. (*See* doc. 10 at 8-9.) Nor has he identified any nonfrivolous ground for appeal.

Movant has failed to show that he received ineffective assistance of counsel regarding an appeal.

## VII.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VIII.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 18th day of December, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE